1

2

3

4

**Joseph Bakhos Esq,**
**State Bar Number: 327036**
17221 E. 17th St., Ste #F
Santa Ana, CA 92705
Telephone: [714]-617-5868
Email Address: jbakhoslaw@yahoo.com

5

**Attorney for Plaintiff**

6

7

8

9

# UNITED STATES DISTRICT COURT

10

## CENTRAL DISTRICT OF CALIFORNIA

11

12

ROBERT SANCHEZ,

13

                    Plaintiff,

14

vs.

15

16

SV TIRE & AUTO REPAIR, a business entity; KH HOLDINGS, LLC, a Wyoming limited liability company;

17

18

                    Defendants

**Case No.:**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT; CALIFORNIA UNRUH CIVIL RIGHTS ACT;**
**CALIFORNIA DISABLED PERSONS ACT; GENERAL NEGLIGENCE**

19

20

21

22

        Plaintiff ROBERT SANCHEZ complains of Defendant, SV TIRE & AUTO REPAIR, a business entity and owner of the business known as SV TIRE & AUTO REPAIR, and believed to hold the business license; and, KH HOLDINGS, LLC, a Wyoming limited liability company; and owner of the premises, building and/or the land, and alleges:

23

//

24

//

25

//

26

//

27

1

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**PARTIES**

1.   Plaintiff is a California resident with physical disabilities. The left side of his body is significantly weaker compared to the right side, likely status post a stroke incident. Both of his knee joints are bone on bone, movement is very painful, and he needs injections. He often needs to use a cane, and his back is weak due to slipped disc. Plaintiff has a Disabled Person Parking placard, issued by the state of California, and he needs to park at the shortest distance to an entrance to any building; therefore, he needs to park and must park in a demarcated handicap parking space with van access, or else he suffers serious discomfort and difficulties.

2.  Defendants are, or were at the time of the incident, the real property owners, business operators, lessors, and/or lessees of, a business now named SV TIRE & AUTO REPAIR, located at 20602 Pascal Way #A, Lake Forest, CA 92630.

Specifically, the Plaintiff is informed that Defendant SV TIRE & AUTO REPAIR. is the owner of the business and holder of the business license, and Defendant KH HOLDINGS, LLC, a Wyoming limited liability company, is the owner of the real property [land and/or building] underlying the business at the abovementioned business address.

3. Plaintiff does not know the true names of all possible Defendants, their business capacities, their ownership connection to the property and the business, or their relative responsibilities in causing the access violations herein complained of, and Plaintiff alleges a joint venture and common enterprise by all Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events and damages alleged or is a necessary party for obtaining appropriate relief. Plaintiff shall seek leave to amend the complaint to name and add other Defendants when ascertained.

**JURISDICTION & VENUE:**

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.Code § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.Code § 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of transactions, is also brought under California's Unruh Civil Rights Act, and

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.Code § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in the district. The property address is stated in Paragraph 2.

**FACTUAL ALLEGATIONS:**

7. Plaintiff went to SV TIRE & AUTO REPAIR in or about June 2023 to make a purchase. When entering the parking lot, Plaintiff noticed that there was no handicap parking space, no signs posted to indicate the location and reservation of handicap parking, and that there was no van access space. Therefore, this condition of the parking lot denied the Plaintiff as a disabled person full and equal access and caused him difficulty and frustration.

8. Failing to provide full and properly maintained access to the handicap parking area amounts to a violation of the operative American with Disabilities Act Guidelines (ADAAG). Additionally, the lack of signage shows neglect and that Defendants are not implementing any policy of upkeep so as to give disabled persons practical access to the given premises and services equal to the access enjoyed by non-disabled persons, and this amounts to illegal discrimination against disabled persons who wish to patronize SV TIRE & AUTO REPAIR as a place of public accommodation.

9. Plaintiff personally encountered violations of applicable legal obligations and standards, that prevented him from full and equal access to convenient, safe, adequate and appropriate parking. Plaintiff would like to patronize this establishment again but cannot do so until the Defendants remove these barriers or obstacles to proper access equal for everyone and correct all violations of law. Plaintiff seeks to have all barriers and obstacles related to disabled persons remedied, whichever may exist, regardless of whether he personally encountered any of them.---See <u>Doran v. 7-11</u>; 524 F3d 1034 (9th Cir 2008), holding that once a handicapped Plaintiff encounters one barrier to equal access at a given site, he can sue to have all other barriers relating to his disability removed even if he did not personally encounter those barriers on the given occasion. Additionally, the Plaintiff believes and alleges that Defendants' failure to remedy and remove the specific barriers (difficulties) to access for disabled persons, as

3

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1
2
3
4
5
6

mentioned in Paragraph 7 above, is intentional because a) these particular barriers are obvious, and b) the Defendants, jointly and severally, exercised full control and dominion over the conditions on the land and at the business at this particular location, and therefore the lack of and barriers to full equal access for disabled persons was not mere "accidental oversight", given that had the Defendants intended any other situation they had the means and ability to make the land and business fully compliant with the legal requirements mandated by the laws, as set forth in the causes of action below.

7
8
9

**I.     FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990**
**(On behalf of Plaintiff against all Defendants (42 U.S. Code § 12101, et seq.))**

10
11

10. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

12
13
14
15
16
17

11. Defendants own, operate, lease from or lease to a place of public accommodation commonly known as SV TIRE & AUTO REPAIR. Under the Americans with Disabilities Act (ADA), it is an act of discrimination for any person(s) who owns, leases (or leases to), or operates a place of public accommodation to deny to disabled persons the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. See 42 U.S. Code § 12182(a). Discrimination is defined, inter alia, including but not limited to, as follows:

18
19
20
21
22
23

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S. Code § 12182(b)(2)(A)(ii).

24
25
26

b. A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities,…where such removal is readily achievable. See 42 U.S. Code § 12182(b)(2)(A)(iv). Barriers can be defined by

27

4

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

reference to the Americans with Disabilities Act Accessibility Guidelines (ADAAG), found at 28 Code Federal Regulations, Part 36, Appendix D.

c. A failure to design and construct facilities for first occupancy, if later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this subchapter. 42 U.S. Code § 12183(a)(1).

12. Defendants are persons or business entities that own, operate, or lease a place of public accommodation. Defendants are required to avoid discrimination and have specific duties to (1) ensure that all construction, alteration, or modification is barrier-free as to disabled persons and complies with the currently operative Americans with Disabilities Act Accessibility Guidelines (ADAAG); and/or (2) remove all existing barriers to disabled persons where such removal is readily achievable, and/or (3) to provide alternatives to barrier removal for the benefit of the disabled persons so that they do enjoy equal access at places of public accommodation. The Defendants have failed to meet these obligations. Consequently, Plaintiff is entitled to court-ordered relief against the Defendants, to make sure that within six months from the beginning of this action the Defendants render their public accommodation premises fully compliant with the Americans with Disabilities Act.

## II.   SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### (On behalf of Plaintiff and against all Defendants (Cal Civil Code § 51-53))

13. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

14. Because Defendants violated Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. Civil Code § 51(f), 52(a).

15. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort, and embarrassment for the Plaintiff, the Defendants are also responsible for statutory damages, i.e., civil penalties See Civil Code § 51(f), 52(a).

5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

### III.   THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
**(On behalf of Plaintiff and against all Defendants (Civil Code § 54, 54.1, 54.2))**

16. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

17. Because Defendants violated the Plaintiff's rights under the ADA, they also violated the California Disabled Persons Act, thus liable for damages. Civil Code § 51(f), 52(a), 54.1(d).

18. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort, and embarrassment for the Plaintiff, the Defendants are also responsible for statutory damages, i.e., a civil penalty, at statutory minimum of $4000. See Civil Code § 55.56(a)-(c).

### IV.   FOURTH CAUSE OF ACTION: GENERAL NEGLIGENCE
**(On behalf of Plaintiff and against all Defendants)**

19. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

20. Defendants have a general duty and a duty of due care to the disabled Plaintiff, arising under the ADA and Unruh Civil Rights Act and California Disabled Persons Act, to provide safe, convenient, and accessible facilities to the disabled Plaintiff. Their negligent violation of this duty, as alleged in the preceding paragraphs of this complaint, notably Paragraphs 1 through 12, and also their violation of statutes, namely, 42 U.S. Code § 12101 et seq., and also including California Civil Code §§ 51, 52, 54 and 54.1, has caused inconvenience, injury and damage as alleged, in the amount of at least minimal amounts of damages allowed by applicable statutes, the exact amount to be determined at the trial.

WHEREFORE, Plaintiff prays that this court award damages and provide relief against all named Defendants, jointly and severally, as follows:

1. For mandatory injunctive relief, compelling Defendants jointly and severally to comply with the Americans with Disability Act and the California Unruh Civil Rights Act, fully correcting all violations of the requirements of these laws, within six months of being served with process, namely, summons and complaint, in this action, and that said Defendants be

6

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

required to report to Plaintiff and also to the court of actual status of correction of the defects charged in this complaint, on the next day after the six month period is done.

2. For damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act where applicable, which statutes provide for actual damages and a statutory minimum of $4,000. If the Plaintiff cannot recover under both Unruh and DPA, simultaneously, an election will be made prior to or at trial, at an appropriate stage in these legal proceedings.

3. For damages for general negligence, in the amount of at least minimal amounts of damages allowed by applicable statutes, or alternatively $4000, the exact amount to be determined at trial.

4. For reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S. Code § 12205; Cal Civil Code §§ 52 and 54.3 and Cal Code of Civil Procedure § 1021.5.

5. For such other and further relief as the court deems just and proper.


Dated: 3/15/2024

---

Joseph Bakhos, Esq.
Attorney for Plaintiff

7

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**